UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ASTOR MORRISON,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, SERGEANT
FORENCIO ARQUER, individually and in his
Respective capacity as a member of the City of New
York Police Department, and POLICE OFFICERS
CHRISTIAN DIAZ, ANDY MITCHELL,
KEVIN JOHNSON, individually and in their
respective capacities as members of the City of
New York Police Department,

                Defendants.
----------------------------------------------------------x

**COMPLAINT AND JURY TRIAL DEMANDED**

    Plaintiff, ASTOR MORRISON, by his attorneys, SHARIFOV & RUSSELL, LLP, as and for his complaint herein, hereby respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, both compensatory and punitive, as well as attorney's fees, for assault; battery; false arrest; and malicious prosecution.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMANDED

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, ASTOR MORRISON, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto defendant SERGEANT FORENCIO ARQUER was and is a natural person employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto defendant POLICE OFFICER CHRISTIAN DIAZ was and is a natural person employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto defendant POLICE OFFICER ANDY MITCHELL was and is a natural person employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto defendant POLICE OFFICER KEVIN JOHNSON was and is a natural person employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risk attaches to the public consumers of the services provided by the City of New York.

13. At all times relevant herein, the above-referenced individual Defendants herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as officers, agents and employees of the Defendant CITY OF NEW YORK and incidental to the pursuit of their duties as officers, employees and agents of the Defendant CITY OF NEW YORK.

14. The individual defendants are sued in their individual capacities as well as in their capacities as employees of defendant CITY OF NEW YORK.

15. By Order, dated February 20, 2008, of the Kings County Supreme Court (Hinds-Radix, J.), the plaintiff's Order to Show Cause seeking leave to file a late notice of claim was granted, and accordingly, the plaintiff's verified written notice of claim was deemed timely served *nunc pro tunc* upon the Comptroller of the City of New York and Corporation Counsel of the City of New York.

16. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was deemed timely served *nunc pro tunc* and the Comptroller has neglected and refused to make payment of said claim.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" as if more fully set forth at length herein.

18. On or about September 12, 2007, at approximately 7:48 P.M., plaintiff was lawfully present sitting in the driver's side of his motor vehicle as the vehicle was legally parked on the sidewalk in front of the premises known as 716 Rockaway Avenue, in the County of Kings, City and State of New York.

19. Plaintiff was at the aforesaid location waiting to pick up his wife from the subway.

20. At the aforesaid time and place, defendants' POLICE OFFICERS CHRISTIAN DIAZ, ANDY MITCHELL and KEVIN JOHNSON, all of whom were in uniform and on foot, approached the plaintiff's vehicle from the sidewalk.

21. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON placed his head through the front passenger side window, which was opened, of plaintiff's vehicle and instructed plaintiff to turn the vehicle off.

22. Plaintiff then immediately turned his vehicle off.

23. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON then inquired of plaintiff as to the ownership of said vehicle.

24. Plaintiff responded by offering to produce for POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON his driver's license and the vehicle's registration and insurance documents, and plaintiff did so provide said documents to POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON.

25. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON then placed his hand through the front passenger side window and seized a bunch of keys with a little pocket knife attached, which were located on the front passenger side seat.

26. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON then informed plaintiff that he was going to receive a

ticket for possession of the aforesaid little pocket knife as it was allegedly illegal.

27. Upon being so informed about receiving a ticket for the aforesaid little pocket knife, plaintiff telephoned the 911 operator and requested that a police supervisor come to the aforesaid scene.

28. Plaintiff telephoned the 911 operator and requested that a police supervisor come to the aforesaid scene because he was being harassed by POLICE OFFICERS CHRISTIAN DIAZ, ANDY MITCHELL and KEVIN JOHNSON.

29. Simultaneously while plaintiff was talking with the 911 operator, plaintiff overheard POLICE OFFICERS CHRISTIAN DIAZ, ANDY MITCHELL and KEVIN JOHNSON discussing that plaintiff was on the telephone speaking with a 911 operator and requesting a police supervisor.

30. Upon being informed of the aforementioned, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON became enraged and plaintiff overheard POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON proclaim that "you don't call and ask for our supervisor. If we want, we can call, not you."

31. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON then proceeded to the driver's side of plaintiff's vehicle and opened the front driver's side door.

32. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON then attempted approximately four or five times to forcibly pull plaintiff from the vehicle, but was unsuccessful as plaintiff was still secured by his seat belt.

33. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON then stretched across the plaintiff's person, unbuckled plaintiff, and forcibly pulled plaintiff from the vehicle.

34. Once plaintiff was forcibly removed from his vehicle, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON forcibly twisted plaintiff's right arm behind his back, handcuffed plaintiff, and then stated to plaintiff, "you see how easy this was."

35. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON forcibly pushed plaintiff against the vehicle and instructed him to remain standing against the vehicle.

36. None of the defendants at the scene ever informed plaintiff that he was under arrest.

37. While plaintiff was handcuffed and standing against his vehicle, plaintiff's wife arrived at the scene and became extremely upset at viewing her husband handcuffed.

38. Plaintiff asked his wife to calm down and to go sit in the vehicle, which she did.

39. A few moments later, FORENCIO ARQUER, a police sergeant arrived upon the scene.

40. After FORENCIO ARQUER spoke with plaintiff and the other police officers at the scene, FORENCIO ARQUER instructed POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON two times to remove the handcuffs from plaintiff.

41. FORENCIO ARQUER then instructed plaintiff to sit in his vehicle, which plaintiff did.

42. After sitting in his vehicle for approximately one hour, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON approached plaintiff's vehicle and returned to plaintiff his driver's license and the vehicle's registration and insurance card.

43. POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON also handed plaintiff two summonses, to wit: disobeying the police and possession of an illegal pen knife, which the police had seized.

44. Both summonses against plaintiff were subsequently dismissed.

45. The individual defendants violated plaintiff's right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that they, acting under color of state law, and without any cause or provocation whatsoever, brutally and severely beat plaintiff without having any probable cause to do so, falsely arrested and imprisoned him and maliciously prosecuted him.

46. Because of the aforesaid acts committed by the individual defendants, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of his liberty, received serious and permanent physical injuries that have required and will continue to require medical treatment; had to expend large and continuing sums for treatment of his injuries; was forced to appear in court to defend himself against the charge falsely made against him and was compelled to expend sums of money for legal representation.

47. By reason of the aforesaid unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in the amount of Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST SERGEANT FORENCIO ARQUER POLICE OFFICERS CHRISTIAN DIAZ, ANDY MITCHELL and KEVIN JOHNSON and THE CITY OF NEW YORK
**(Battery)**

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" as if more fully set forth at length herein.

49. On or about September 12, 2007, at approximately 7:48 P.M., in front of the premises known as 716 Rockaway Avenue, in the County of Kings, City and State of New York, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, without any probable cause

whatsoever, offensively touched plaintiff by forcibly pulling plaintiff from plaintiff's vehicle several times while plaintiff was buckled in his seat, stretching across plaintiff's person to unbuckle him, and then forcibly removing plaintiff his vehicle, and forcibly twisting plaintiff's right arm behind his back, and handcuffing plaintiff, and forcibly pushing plaintiff against the vehicle with great force.

50. The aforesaid force used by POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON was not reasonable under the circumstances.

51. At the aforesaid times and place, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON was acting within the scope of his employment by defendant CITY OF NEW YORK.

52. By reason of the aforesaid battery committed against him by POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, received serious and permanent physical injuries that have required and will continue to require medical treatment and had to expend large and continuing sums for treatment of his injuries.

53. As a result of the battery committed upon him by POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, while

he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages from POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST SERGEANT FORENCIO ARQUER POLICE OFFICERS CHRISTIAN DIAZ, ANDY MITCHELL and KEVIN JOHNSON and THE CITY OF NEW YORK
**(False Arrest)**

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if more fully set forth at length herein.

55. On or about September 12, 2007, at approximately 7:48 P.M., in front of the premises known as 716 Rockaway Avenue, in the County of Kings, City and State of New York, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, without probable cause therefor, forcibly, wrongfully and unlawfully placed plaintiff under arrest, and, against plaintiffs own free will, caused him to be confined for approximately two hours.

56. Defendant POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the crimes of disobeying the police and possession of an illegal pen knife.

57. Plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement at the aforesaid location for approximately two (2) hours.

58. At the time he committed the aforesaid act of false arrest, defendant POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON was acting within the scope of his employment by defendant CITY OF NEW YORK.

59. By reason of the false arrest committed against him by defendant POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the Fourth and Fourteenth amendments of the Constitution of the United States and, as a result, suffered a loss of his liberty, was forced to appear in Court to defend himself against the charge falsely made against him and was compelled to expend sums of money for legal representation.

60. As a result of the false arrest committed upon him by POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages from POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
### SERGEANT FORENCIO ARQUER POLICE OFFICERS CHRISTIAN DIAZ, ANDY MITCHELL and KEVIN JOHNSON and THE CITY OF NEW YORK
(Assault)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" as if more fully set forth at length herein.

62. On or about September 12, 2007, at approximately 7:48 P.M., in front of the premises known as 716 Rockaway Avenue, in the County of Kings, City and State of New York, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON placed plaintiff in reasonable apprehension of suffering imminent physical harm by, without any cause or provocation whatsoever, by proclaiming that "you don't call and ask for our supervisor. If we want, we can call, not you," and after forcibly removing plaintiff from the vehicle and handcuffing plaintiff, as articulated above, POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON stated to plaintiff "you see how easy this was."

63. The aforesaid statements and actions by defendant POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON were not reasonable under the circumstances.

64. At the aforesaid time and place, defendant POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON was

acting within the scope of his employment by defendant CITY OF NEW YORK.

65. By reason of the aforesaid assault committed against him by defendant POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered severe emotional upset.

66. As a result of the assault committed against him by POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages from POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON.

**WHEREFORE**, plaintiff, ASTOR MORRISON, demands judgment against defendants, P.O. JOHN DOE Nos. 1-6 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:  Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages;

SECOND CAUSE OF ACTION:  Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages from POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON;

THIRD CAUSE OF ACTION: Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages from POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON;

FOURTH CAUSE OF ACTION: Two Million ($2,000,000.00) Dollars and demands an additional Two Million ($2,000,000.00) Dollars as punitive damages from POLICE OFFICERS CHRISTIAN DIAZ, or ANDY MITCHELL or KEVIN JOHNSON.

In addition, plaintiff demands the costs and disbursements of this action, including his attorneys fees, pursuant to 42 U.S.C. §1988.

Dated: Hempstead, New York
October 4, 2010

_____
Camille Russell, Esq.
SHARIFOV & RUSSELL, LLP
Attorneys for Plaintiff
50 Main Street
Hempstead, New York 11550
(516) 505-2300