

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | BAREE N. FETT<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division<br>Tel.: (212) 788-8343<br>Fax: (212) 788-9776<br>Email: bfett@law.nyc.gov |
|---|---|---|

July 8, 2011

**BY ECF**
Honorable Nicholas G. Garaufis
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>Astor Morrison v. City of New York, et al.</u>
            09 CV 927 (DLI) (JMA)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendants in the above matter. Attached please find a duly executed Stipulation and Order of Settlement and Dismissal dated July 6, 2011, for Your Honor's endorsement and filing. The parties apologize for the belated nature of this submission.

      Thank you.

                              Respectfully submitted,

                              /s/
                              Baree N. Fett
                              Assistant Corporation Counsel

    cc:     Rovshan Sharifov, Esq.
             *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

ASTOR MORRISON,

                       Plaintiff,

      -against-

P.O. "JOHN DOE" Nos.1-6, THE CITY OF NEW YORK,
SERGEANT FORENCIO ARQUER, individually and in
his respective capacity as a member of the City of New
York Police Department, PO CHRISTIAN DIAZ, PO
KEVIN MITCHELL, PO KEVIN JOHNSON, individually
and in their respective capacity as members of the City of
New York Police Department,

                       Defendants.
---------------------------------------------------------------- x

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL**

09 CV 927 (NGG)(JMA)

      **WHEREAS**, plaintiff commenced this action by filing a complaint on or about March 5, 2009, and an amended complaint on or about March 23, 2009, and a second amended complaint on or about October 4, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **WHEREAS**, plaintiff has authorized his counsel to agree to the terms set forth below; and

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Astor Morrison the sum of One Hundred and Ten Thousand Dollars ($110,000), in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiff agrees to dismissal of all the claims against the defendants City of New York, Forencio Arquer, Christian Diaz, Kevin Mitchell and Kevin Johnson, and to release the defendants and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph 2 above and Affidavits of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not

2

be admissible in, nor is it related to, any other litigation or settlement negotiations. Plaintiff further agrees that neither the filing of the complaint in this action, nor the settlement of this action, shall be asserted by them or their counsel in any other litigation or proceeding as evidence of wrongful conduct on the part of the City of New York, or any present or former employees or agents of the City of New York.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and all defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
7-6 , 2011

Rovshan Sharifov, Esq.
*Attorney for Plaintiff*
50 Main St
Hempstead, NY 11550

By: _____
ROVSHAN SHARIFOV
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Arquer, Diaz, Mitchell & Johnson*
100 Church Street
New York, New York 10007
(212) 788-8343

By: _____
BAREE N. FETT
*Assistant Corporation Counsel*

Dated: New York, New York
_____, 2011

SO ORDERED:

_____
HON. NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

4